# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL L. BLOOMQUIST, an individual on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>COVANCE, INC., *et al.*,<br><br>    Defendants. | Case No. 16-cv-2559-BAS (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**[ECF No. 7]** |

On August 3, 2016, Plaintiff Daniel L. Bloomquist commenced this wage-and-hour class action in San Diego Superior Court against Defendants Covance, Inc. ("Covance"), I-Shan Chiang, and Amy Stastny. Covance subsequently removed this action to federal court. Bloomquist now moves to remand this action to state court. (ECF No. 7.) Covance opposes.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Bloomquist's motion to remand.

//

## I. BACKGROUND

Bloomquist is a citizen of California, and worked for Covance continuously from February 2009 until December 2015. (Compl. ¶ 5.) Covance is a Delaware corporation whose principle place of business is in Princeton, New Jersey, with a regional office in San Diego, California. (*Id.* ¶ 6.) Chiang and Stastny are citizens of the state of California, and are employed by Covance as the Senior Director of Strategy and Planning, and the Director of Global Clinical Trial Operations, respectively (collectively, "in-state defendants"). (*Id.* ¶¶ 7-8.) Bloomquist brings this class action on behalf of himself and all others similarly situated as current and former employees of Covance holding the title of Clinical Research Associate and/or Senior Clinical Research Associate at any time commencing on the date four years prior to the filing of the complaint and through the date of trial. (*Id.* ¶ 12.)

Covance offers clinical development services in fifty-five different countries, providing services through all stages of pharmaceutical drug development. (Compl. ¶ 21.) Covance is typically hired by pharmaceutical drug companies to assist in administering clinical trials for newly developed and unapproved drug compounds. (*Id.*) Clinical Research Associates and Senior Clinical Research Associates monitor clinical trials by conducting routine visits to trial sites and reporting the results of those visits to their superiors at Covance. (*Id.* ¶ 24-25.) Bloomquist alleges that Clinical Research Associates and Senior Clinical Research Associates were improperly classified by Covance as exempt employees ineligible for certain protections of the California Labor Code and Wage Order of the Industrial Welfare Commissions. (*Id.* ¶ 26.) As a result of this improper classification, Bloomquist alleges that he, and others, were denied overtime pay, meal periods, and rest periods prescribed by law. (*Id.* ¶ 28-29, 33.)

//
//
//

On August 3, 2016, Bloomquist commenced this action against Covance, Chiang, and Stastny in the San Diego Superior Court, asserting causes of action against all defendants for: (1) failure to pay overtime compensation; (2) failure to provide meal periods and rest periods; (3) failure to properly itemize wage statements; (4) failure to pay all wages due owed upon termination; and (5) unlawful and unfair business practices in violation of California's Business and Professions Code § 17200, *et seq.*[1] (Compl. ¶¶ 34-81.)

In the notice of removal, Covance asserts the basis for removal is diversity jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). (Removal Notice ¶ 8, ECF No. 1.) Bloomquist now moves to remand based on a CAFA exception known as the "local controversy exception," which requires federal courts to decline jurisdiction if certain conditions are met in cases that are truly local in nature. *See* 28 U.S.C. § 1332(d)(4). Covance opposes.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong

---

[1] Bloomquist's complaint provides headers indicating six causes of action when only five are listed. Omission of the fourth cause of action is an apparent typographical error.

presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

CAFA confers federal jurisdiction over class actions involving: (1) minimal diversity; (2) at least 100 putative class members; and (3) at least $5 million in controversy, inclusive of attorneys' fees but exclusive of interest and costs. 28 U.S.C. §§ 1223(d)(2), (5). CAFA maintains the historical rule that places the burden on the removing party to establish a *prima facie* case of removal jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007) (citing *Abrego*, 443 F.3d at 684-85). However, when a plaintiff moving to remand seeks to rely on a statutory exception to CAFA, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the exception, such as the local-controversy exception, applies to the facts of a given case. *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 883 (9th Cir. 2013); *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1013 (9th Cir. 2011); *Serrano*, 478 F.3d at 1019, 1022. But the burden of proof placed upon a plaintiff should not be exceptionally difficult to bear, and district courts are permitted to make reasonable inferences from facts in evidence in applying CAFA's local-controversy exception. *Mondragon*, 736 F.3d at 886.

## III. DISCUSSION

CAFA's local-controversy exception is intended to identify a controversy that "uniquely affects a particular locality and to ensure that it is decided by a state rather than a federal court." *Bridewell-Sledge v. Blue Cross of Cal.*, 789 F.3d 923, 928 (9th Cir. 2015) (quoting *Evans*, 449 F.3d at 1163-64)). CAFA's language favors federal jurisdiction over class actions, and its legislative history suggests that Congress intended the local-controversy exception to be a narrow one. *Benko v. Quality Loan*

*Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015) (citing *Evans v. Walter Indus. Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006)).

Under CAFA's local-controversy exception, a district court must decline to exercise jurisdiction if the following conditions are satisfied: (1) greater than two-thirds of the proposed class members are citizens of the State in which the action was originally filed; (2) at least one defendant is a defendant from whom significant relief is sought by the proposed class members, whose alleged conduct forms a significant basis for the claims asserted by the proposed class members, and who is a citizen of the State in which the action was originally filed; (3) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and (4) no similar class action has been filed against any of the defendants in the preceding three years. 28 U.S.C. § 1332(d)(4)(A)(i)-(ii). The first, third, and fourth conditions are not disputed by Covance. All that remains is for Bloomquist to establish the significant-defendant requirement to the local-controversy exception. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(I)-(II).

The local-controversy exception requires that at least one defendant be a citizen of the state where the action was originally filed. 28 U.S.C. § 1332(d)(4)(A)(II)(cc). The local defendant must be a defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(II)(aa)-(bb). In deciding whether "significant relief is sought" from a defendant who is a citizen of the state in which the suit is filed and whether the defendant's "alleged conduct forms a significant basis for the claims asserted by the plaintiff class," the district court may look only to the complaint. *Coleman*, 631 F.3d at 1015.

//

//

A.     **Significant Basis for Bloomquist's Claims**

In determining whether in-state defendants' alleged conduct forms a "significant basis" for Bloomquist's claims, this Court may only look to the allegations in the complaint and may not consider extrinsic evidence for purposes of the local-controversy exception. *Coleman*, 631 F.3d at 1015. Whether the "significant basis" condition is met requires a "substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the other, non-local defendants." *Benko*, 789 F.3d at 1118 (quoting *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009)).

In the complaint, Bloomquist alleges that the in-state defendants engaged in the exact same wage-and-hour violations as Covance, and seeks damages equally from all defendants under California Labor Code § 558.1. Section 558.1(a) provides a right of action against any employer, or "other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802." Cal. Lab. Code § 558.1. "Other person" is further defined in § 558.1(b) as "an owner, *director*, officer, or managing agent of the employer." *Id.* (emphasis added). Chiang is a "Senior Director [of] Strategy & Planning," while Stastny is the "Director of Global Clinical Trial Operations." (Compl. ¶¶ 7-8.) Both in-state defendants are alleged to have overseen the work of plaintiff and potential class members, and are being sued in their capacity as directors of Covance. (*Id.*) These allegations sufficiently satisfy the "significant basis" requirement. *See* 28 U.S.C. § 1332(d)(4)(A)(II)(bb).

Defendants rely on *Christmas v. Union Pacific* to argue that a listing of in-state agents or employees is insufficient to establish the local-controversy exception because in-state agents or employees are not the "real target of the action in order to qualify as local defendants under the exception." (Defs.' Opp'n 10, ECF No. 12)

(quoting *Christmas v. Union Pac. R.R. Co.*, No. CV15-02612-AB-(PLAX), 2015 WL 5233983, at *5 (C.D. Cal. Sept. 8, 2015).) However, *Christmas* is distinguishable from the instant case. In *Christmas*, the in-state defendants were not considered the real targets of the action because they were only alleged to have "implement[ed] Union Pacific's policy at the location where [defendant] works." *See Christmas*, 2015 WL 5233983, at *6. The in-state defendants, as local employees of Union Pacific, were not alleged to have been responsible for the policy itself that led to a violation of California Labor Code, and thus the plaintiff's argument was "missing the critical nexus between California Defendants' actions and the effects on class members at large." *Id.* at *6.

Here, the in-state defendants are alleged in the complaint to be more than simply local agents or employees of Covance. Rather, they are directors within the company, and their liability is specifically provided for in California Labor Code § 558.1(b). Moreover, the complaint alleges the exact same violations of California Labor Code against all defendants, and this Court need not look further than those allegations since "nothing in CAFA . . . indicates a congressional intention to turn a jurisdictional determination concerning the local defendant's 'alleged conduct' into a mini-trial on the merits of the plaintiff's claims." *Allen v. Boeing Co.*, 821 F.3d 1111, 1118 (9th Cir. 2016) (quoting *Coleman*, 631 F.3d at 1017).

Therefore, Bloomquist carries his burden with respect to the "significant basis" requirement of the local-controversy exception to CAFA. *See* 28 U.S.C. § 1332(d)(4)(A)(II)(bb).

### B. Significant Relief Sought by Bloomquist

Whether Bloomquist seeks "significant relief" from the in-state defendants requires a comparison of the relief sought from the in-state defendants to the relief sought from the other, non-local defendant. *Benko*, 789 F.3d at 1119. A "defendant from whom significant relief is sought" does not mean a "defendant from whom

significant relief may be obtained." *Coleman*, 631 F.3d at 1015 (citing *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009)). "[N]othing in CAFA's language indicates Congress intended district courts to wade into the factual swamp of assessing the financial viability of a defendant as part of a preliminary consideration." *Id.* In *Coleman*, the plaintiffs alleged that both the in-state defendant and the out-of-state defendant violated California law and sought damages equally from both. *Id.* at 1013, 1020. The court found those allegations sufficient to satisfy the "significant relief" requirement from the in-state defendant. *Id.* at 1020. Additionally, in *Benko*, the court held that claims for general damages, punitive damages, and equitable relief were sufficient to show that the plaintiffs claimed "significant relief" from the in-state defendant. *Benko*, 789 F.3d at 1119.

Considering the allegations in the complaint, Bloomquist sufficiently alleges that members of the class have suffered harm as a result of the in-state defendants' violations of the California Labor Code and IWC Wage Order. *See Coleman*, 631 F.3d at 1015. Although Bloomquist did not quantify the alleged damages, he seeks damages from all defendants equally for their alleged wrongful conduct. These damages appear to be the same whether caused by the in-state defendants or Covance. Furthermore, the complaint seeks injunctive relief and restitution against all defendants as well. (Compl., Prayer for Relief ¶¶ 8-9.)

Therefore, Bloomquist also carries his burden with respect to the "significant relief" requirement of the local-controversy exception to CAFA. *See* 28 U.S.C. § 1332(d)(4)(A)(II)(aa).

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court finds that the local-controversy exception to CAFA applies to this case. *See* 28 U.S.C. § 1332(d)(4); *see also Benko*, 789 F.3d at 1116 ("If the statutory conditions for the application of [CAFA's] local controversy exception are met, a district court is required to remand the class action back to the

originating state court."). Accordingly, the Court **GRANTS** Bloomquist's motion to remand (ECF No. 7), and **REMANDS** this action to the San Diego Superior Court.

     **IT IS SO ORDERED.**

**DATED: May 3, 2017**

Hon. Cynthia Bashant
United States District Judge